UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TORRANCE T. NORMAN,

                Plaintiff,

v.                                                 Case No. 25-cv-73-pp

OFFICER M. WILLIS and OFFICER WILBORN,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

      Plaintiff Torrance T. Norman, who is incarcerated at the Milwaukee County Jail and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On January 21, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $22.57. Dkt. No. 5. The court received that fee on January 28, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

    A.    <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v.</u>

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff alleges that on December 5, 2024, around 10:00 to 11:30 p.m., a toilet containing urine and feces overflowed on Pod 6B. Dkt. No. 1 at 2. The plaintiff states that filthy water flowed throughout the day room. Id. The plaintiff alleges that because contaminated water spread close to his cell, defendant Officer M. Willis told the plaintiff to exit the cell. Id. The plaintiff states that he did not know where the flood water was located, and Willis did not warn him that flood water was outside his cell door. Id. The plaintiff says that when he exited his cell, he slipped and flew into the air which caused him to fracture his back. Id. Paramedics allegedly rushed the plaintiff to the

3

hospital. Id. The plaintiff states that the fall caused unbearable, excruciating back pain and headaches, and that he currently is recovering in therapy from his injury. Id.

The plaintiff alleges that he was covered in urine and feces due to his fall. Id. He states that when he returned to the jail from the hospital on December 6, 2024, around 2:30 to 3:00 a.m., he still was in the same clothes, soaked in urine and feces, and was itching uncontrollably. Id. The plaintiff allegedly asked defendant Officer Wilborn if he could take a shower but Wilborn responded, "he doesn't have nothing to do with that, no[.]" Id. The plaintiff states that Wilborn then locked the plaintiff in his room and forced him to sleep overnight, soaked in urine and feces. Id. The plaintiff states that he woke up with huge rashes on his back and his groin area for which he still receives medication. Id. He allegedly contracted ringworms in his groin area. Id. at 4. The plaintiff states that "sergeants and lieutenants" later told him that Wilborn should have let him shower when he returned from the hospital. Id.

The plaintiff claims that Willis jeopardized his safety by ordering him to exit his cell and not warning him that the contaminated flood water had reached his cell. Id. He claims that Wilborn punished him by refusing to let him shower and locking him in his cell in his clothes that were soaked in urine and feces. Id. For relief, the plaintiff seeks compensatory and punitive damages. Id. at 5.

C.   Analysis

The court assumes that the plaintiff was a pretrial detainee during the events described in the complaint because he was incarcerated at the Milwaukee County Jail. The court assesses conditions-of-confinement claims brought by pretrial detainees under the Fourteenth Amendment. Mulvania v. Sheriff of Rock Island County, 850 F.3d 849, 856 (7th Cir. 2017). A pretrial detainee's constitutional rights may be violated when jail officials act unreasonably to objectively serious living conditions that deprive the detainee of basic human needs. See Smith v. Dart, 803 F.3d 304, 309-10 (7th Cir. 2015) "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" Id. (quoting Bell v. Wolfish, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" Id. (quoting Bell, 441 U.S. at 538–39). To prevail on his claim that the conditions of pretrial confinement violate the Constitution, a detainee must prove that (1) the conditions in question are or were objectively serious; (2) the defendant acted purposefully, knowingly, or recklessly with respect to the consequences of his actions; and (3) the defendant's actions were objectively unreasonable—that is, "not rationally related to a legitimate governmental objective or . . . excessive in relation to that purpose." Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015).

5

The court will allow the plaintiff to proceed on a Fourteenth Amendment claim against defendant Willis in his individual capacity based on the plaintiff's allegations that Willis knew about the unsafe conditions just outside the plaintiff's cell and ordered the plaintiff to exit the cell without warning him of those conditions. Cf. Murphy v. Walker, 51 F.3d 714, 719 (7th Cir. 1995) (pretrial detainee did not state a claim for slip and fall in the shower because county officials did not poorly maintain the showers and did not know they were in an unsafe condition); Hodges v. Kenosha Cnty. Jail, Case No. 20-cv-18, 2020 WL 5775016, at *4 (E.D. Wis. Sept. 28, 2020) (pretrial detainee did not state claim based on flooded cell because he did not allege any injury such as slipping and falling on the floor, illness from the water, or damage to personal property).

The court also will allow the plaintiff to proceed on a Fourteenth Amendment claim against defendant Wilborn in his individual capacity based on allegations that after the plaintiff's return from the hospital, Wilborn refused to let the plaintiff shower or change his clothes that were soaked with urine and feces from the flood. Although it appears that the plaintiff had to remain in his cell only for the rest of the night in the clothing, the clothing allegedly was soaked with another person or persons' feces and urine, the plaintiff allegedly contracted rashes and ring worm and other jail staff allegedly said that Wilborn should have let the plaintiff shower. The plaintiff's allegations state a plausible claim at this early stage. See Hardeman v. Curran, 933 F.3d 816, 823 (7th Cir. 2019).

6

**III. Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Under an informal service agreement between Milwaukee County and this court, the court will electronically transmit a copy of the complaint and this order to Milwaukee County for service on defendants Officer M. Willis and Officer Wilborn. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$327.43** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Office of the Sheriff, Fiscal Operations Rm 224, 821 W State Street, Milwaukee, WI 53233.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 5th day of June, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**